By the Court :
As the right of appeal exists only by virtue of the statutes, in order to give the appellate court juris *58 diction the statutory provisions must be strictly followed. When the person appealing is a party in a fiduciary capacity who has given bond within the sítate, and who appeals in the interest of the trust, he shall be allowed the appeal without giving bond, “by giving written notice to the court of his intention to appeal within the time limited for giving bond.” Revised Statutes, Sec. 6108. The statute requires a formal toritten notice to the court so that it may be filed as a paper in the case and be made a part of the complete record, showing why the court did not require a bond for appeal. This section does not provide that the notice may be entered in the first instance on the records, as in appeals from the court of common pleas to the circuit court. Revised Statutes, Sec. 5227. In this case the court of insolvency on motion confirmed a sale made by the defendant in error as assignee of the Norwood Park Company, and ordered a deed to be made to the purchaser, to all of which the plaintiff in error as assignee of the Erwin Lime Company excepted. To the journal entry confirming sale as aforesaid the following statement is appended: “And thereupon the said F. W-. Browne, as such assignee of the Erwin Lime Company, gives notice of his, intention to appeal this cause, and the court find that the said assignee, F. W. Browne, has given bond in this court as such assignee, and is entitled to such appeal without giving bond.” This is merely a journalized statement of what took place in the court of insolvency. The entry recites that the plaintiff in error “gives notice;” but no such notice appears in the record, nor is found among the papers of the case. It does not appear that the notice given was a written notice, and it only inferentially appears that it may have been a notice to the court. This is *59 not a compliance with the statute; and the judgment of the circuit court, affirming the judgment of the court of common pleas dismissing the appeal, is therefore

Affirmed.

Williams, C. J., Burket, Spear, Davis, Shauck and Price, JJ., concur.